IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LLOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO.  21-568 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          October 20, 2021

Wayne Lloyd ("Plaintiff") seeks review of the Commissioner's decision denying

his claims for disability insurance benefits ("DIB").  For the following reasons, I will

grant the Defendant's uncontested motion for remand and remand this matter for further

proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff was born on September 22, 1962, and applied for DIB on February 12,

2016, alleging disability as of January 14, 2012, due to depression, severe back and hip

pain, trouble sleeping, daily migraines, pain while walking and sitting, concentration

issues, bilateral shoulder and arm pain, and bleeding ulcers.  Tr. at 137-38, 160, 164.[2]

Plaintiff's claims were denied initially, id. at 80-84, and he requested a hearing before an

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi should be substituted for Andrew Saul as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]To be entitled to DIB, a claimant must establish that he became disabled on or before his date last insured.  Plaintiff's date last insured is December 31, 2017.  See tr. at 21, 759.

administrative law judge ("ALJ"), id. at 86-87, which occurred on April 2, 2018.  Id. at

38-62.  On May 17, 2018, the ALJ granted in part and denied in part Plaintiff's claims,

finding that Plaintiff was disabled as of September 21, 2017, but not before.  Id. at 19-

31.[3]  The Appeals Council denied Plaintiff's request for review.  Id. at 1-6.

On August 20, 2019, Plaintiff commenced an action in this court, docketed at Civil

Action Number 19-1193.  The Commissioner filed an uncontested motion for remand,

which this court granted by Order dated August 20, 2019.  Tr. at 833.  The Appeals

Council in turn issued a remand order, affirming the ALJ's finding that Plaintiff was

disabled as of September 21, 2017, but vacating and remanding with respect to the period

prior to September 21, 2017.  Id. at 839.  The second hearing before a different ALJ

occurred on August 18, 2020.  Id. at 777-804.  On October 14, 2020, the ALJ denied

Plaintiff's claims.  Id. at 757-71.  Plaintiff did not file exceptions in the Appeals Council,

nor did the Appeals Council initiate its own review, making the ALJ's October 14, 2020

decision the final decision of the Commissioner.  20 C.F.R. § 404.984(d).

Plaintiff initiated this action by filing his complaint on February 5, 2021.  Doc. 1.

In response to Plaintiff's brief in support of his request for review, Doc. 12, Defendant

filed an uncontested motion that does not specify the basis for the requested remand other

---

[3]On September 21, 2017, the claimant's age category changed, resulting in a
finding of "disabled" as of that date by direct application of Medical-Vocational Rule
202.02.  Tr. at 31.

than to say that upon further evaluation "the Commissioner has determined that remand .

. . is warranted." Doc. 13.[4]

## II.   DISCUSSION

In his brief, Plaintiff challenges the ALJ's consideration of the medical and mental

health treatment opinion evidence in the record.  Doc. 12 at 2-11.[5]  Because remand is

uncontested, I will comment only briefly on Plaintiff's arguments.  These comments do

not limit the breadth of review on remand.

Review of the record reveals that Plaintiff suffers from seropositive rheumatoid

arthritis, chronic gout without tophus, degenerative joint disease, cervical radiculopathy,

rotator cuff tear, tendinopathy of right shoulder, anxiety, and obesity.  Tr. at 282, 309,

492, 708, 715-16, 719-20, 739.  Plaintiff also has been diagnosed with major depressive

disorder.  Id. at 322.

First, as to Plaintiff's mental condition, consultative examiner Ely Sapol, Ph.D.,

opined that Plaintiff had marked limitation in the ability to understand and remember

complex instructions and make judgments on complex work-related decisions, and

moderate limitation in the ability to make judgments on simple work-related decisions,

---

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C.
§ 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal
Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

[5]Plaintiff also challenges the propriety of the appointment of the Commissioner.
Doc. 14 at 9-11 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183
(2020)).  Because I grant the Commissioner's uncontested remand motion, I do not find it
necessary to address this claim at this time.

interact appropriately with the public, supervisors, and co-workers, and respond appropriately to usual work situations and to changes in routine work setting.  Id. at 323-24.  On remand from this court, the Appeals Council determined that Dr. Sapol's opinion conflicted with the first ALJ's mental RFC, and directed that the second ALJ give "[f]urther evaluation of the medical opinion evidence."  Id. at 839.  On remand, the second ALJ found that Plaintiff's severe impairments include depression and anxiety, id. at 760, and that he "is limited to non-complex work with no complex procedures, processes, or instructions [and] can have no more than occasional interactions with co-workers, supervisors, and the public, in a stable routine work environment."  Id. at 762.  Although the second ALJ "accord[ed] great weight" to Dr. Sapol's opinion, the ALJ failed to explain why he did not impose limitations in making judgments on simple work-related decisions, or responding appropriately to usual work situations and to changes in a routine work setting.  Id. at 762-70.[6]  Accordingly, the ALJ did not adhere to the instructions of the Appeals Council.  Id. at 839-40.

As to Plaintiff's physical impairments, consultative examiner Andrea Woll, D.O., opined that Plaintiff could continuously lift and carry up to fifty pounds and could never lift or carry more than fifty pounds, and that he could sit for six hours, stand for five hours, and walk for five hours in an eight-hour workday.  Id. at 334-35.  Dr. Woll noted that Plaintiff is unsteady when he walks without a cane.  Id. at 331.  In a physical residual

---

[6]Although the second ALJ did not specifically reference Dr. Sapol's opinion of marked limitations in complex decision and judgment, the ALJ did limit Plaintiff to non-complex work with no complex procedures, processes, or instructions.  Tr. at 762.

functional capacity ("RFC") assessment, treating source Cathy Lee Ching, M.D., opined

that Plaintiff could sit and stand/walk for two hours each in an eight-hour workday, rarely

lift less than ten pounds, and never lift more than ten pounds.  Id. at 365-66.  Dr. Ching

further opined that Plaintiff would be off task more than twenty percent of the time and

absent more than four days per month, and would need to take unscheduled breaks during

the working day.  Id. at 365-67.

In his RFC determination, the second ALJ found in relevant part that Plaintiff

could lift and carry up to fifty pounds occasionally and twenty-five pounds frequently,

stand and walk for five hours each in an eight-hour workday, sit for six hours total in an

eight-hour workday, requires the use of a cane for balance, and "can continuously handle

and finger with both upper extremities."  Tr. at 762.  Based on these and other limitations,

the second ALJ concluded that Plaintiff retained the RFC to perform a limited range of

light work through September 20, 2017.  Id. at 769.  In doing so, the ALJ accorded partial

weight to Dr. Woll's opinions, explaining that he found them to be "not entirely

consistent with the medical record as a whole."  Id. at 768.  For example, despite the

ALJ's requirement that Plaintiff use a can for balance, the ALJ allowed Plaintiff to work

standing for up to six hours a day, without explaining how Plaintiff can perform work

while standing but using only one hand.  Similarly, the ALJ's finding that Plaintiff can

"continuously handle and finger" with both hands is inconsistent with the same ALJ's

prior finding that Plaintiff has severe rheumatoid arthritis and gout.  Id. at 760, 762.

In sum, the ALJ failed to properly consider Dr. Sapol's opinions as directed by the

Appeals Council and failed to include all of Plaintiff's limitations in his RFC assessment.

As a result, it is unclear whether Plaintiff could perform the identified jobs given these errors for the period prior to September 21, 2017.

Because I conclude that remand is necessary to allow the ALJ to further consider these issues in light of the governing regulations, I will grant the motion for remand.

## III.    CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE LLOYD                          :           CIVIL ACTION
                                     :
        v.                           :
                                     :
KILOLO KIJAKAZI, Acting              :
Commissioner of Social Security      :           NO.  21-568

# **O R D E R**

AND NOW, this 20th day of October, 2021, upon consideration of Plaintiff's brief

(Doc. 12), Defendant's unopposed Motion to Remand (Doc. 13), and the administrative

record (Doc. 9), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED,

and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The

Clerk of Court shall mark this case closed for statistical purposes.

                          BY THE COURT:

                          /s/ ELIZABETH T. HEY

                          _____

                          ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE LLOYD                          :          CIVIL ACTION
                                     :
         v.                          :
                                     :
KILOLO KIJAKAZI, Acting              :
Commissioner of Social Security      :          NO.  21-568

## JUDGMENT ORDER

AND NOW, this 20th day of October, 2021, the Court having separately ordered

the remand of this action for further administrative proceedings pursuant to the fourth

sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor

of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

                         BY THE COURT:

                         /s/ ELIZABETH T. HEY

                         _____

                         ELIZABETH T. HEY, U.S.M.J.