IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LLOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO. 21-568 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                               October 20, 2021

Wayne Lloyd ("Plaintiff") seeks review of the Commissioner's decision denying his claims for disability insurance benefits ("DIB"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

I.  **PROCEDURAL HISTORY**

Plaintiff was born on September 22, 1962, and applied for DIB on February 12, 2016, alleging disability as of January 14, 2012, due to depression, severe back and hip pain, trouble sleeping, daily migraines, pain while walking and sitting, concentration issues, bilateral shoulder and arm pain, and bleeding ulcers. Tr. at 137-38, 160, 164.[2] Plaintiff's claims were denied initially, id. at 80-84, and he requested a hearing before an

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi should be substituted for Andrew Saul as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]To be entitled to DIB, a claimant must establish that he became disabled on or before his date last insured. Plaintiff's date last insured is December 31, 2017. See tr. at 21, 759.

administrative law judge ("ALJ"), id. at 86-87, which occurred on April 2, 2018. Id. at 38-62. On May 17, 2018, the ALJ granted in part and denied in part Plaintiff's claims, finding that Plaintiff was disabled as of September 21, 2017, but not before. Id. at 19-31.[3] The Appeals Council denied Plaintiff's request for review. Id. at 1-6.

On August 20, 2019, Plaintiff commenced an action in this court, docketed at Civil Action Number 19-1193. The Commissioner filed an uncontested motion for remand, which this court granted by Order dated August 20, 2019. Tr. at 833. The Appeals Council in turn issued a remand order, affirming the ALJ's finding that Plaintiff was disabled as of September 21, 2017, but vacating and remanding with respect to the period prior to September 21, 2017. Id. at 839. The second hearing before a different ALJ occurred on August 18, 2020. Id. at 777-804. On October 14, 2020, the ALJ denied Plaintiff's claims. Id. at 757-71. Plaintiff did not file exceptions in the Appeals Council, nor did the Appeals Council initiate its own review, making the ALJ's October 14, 2020 decision the final decision of the Commissioner. 20 C.F.R. § 404.984(d).

Plaintiff initiated this action by filing his complaint on February 5, 2021. Doc. 1. In response to Plaintiff's brief in support of his request for review, Doc. 12, Defendant filed an uncontested motion that does not specify the basis for the requested remand other

---

[3]On September 21, 2017, the claimant's age category changed, resulting in a finding of "disabled" as of that date by direct application of Medical-Vocational Rule 202.02. Tr. at 31.

than to say that upon further evaluation "the Commissioner has determined that remand . . . is warranted." Doc. 13.[4]

## II. DISCUSSION

In his brief, Plaintiff challenges the ALJ's consideration of the medical and mental health treatment opinion evidence in the record. Doc. 12 at 2-11.[5] Because remand is uncontested, I will comment only briefly on Plaintiff's arguments. These comments do not limit the breadth of review on remand.

Review of the record reveals that Plaintiff suffers from seropositive rheumatoid arthritis, chronic gout without tophus, degenerative joint disease, cervical radiculopathy, rotator cuff tear, tendinopathy of right shoulder, anxiety, and obesity. Tr. at 282, 309, 492, 708, 715-16, 719-20, 739. Plaintiff also has been diagnosed with major depressive disorder. Id. at 322.

First, as to Plaintiff's mental condition, consultative examiner Ely Sapol, Ph.D., opined that Plaintiff had marked limitation in the ability to understand and remember complex instructions and make judgments on complex work-related decisions, and moderate limitation in the ability to make judgments on simple work-related decisions,

---

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

[5]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 14 at 9-11 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

interact appropriately with the public, supervisors, and co-workers, and respond appropriately to usual work situations and to changes in routine work setting. Id. at 323-24.  On remand from this court, the Appeals Council determined that Dr. Sapol's opinion conflicted with the first ALJ's mental RFC, and directed that the second ALJ give "[f]urther evaluation of the medical opinion evidence." Id. at 839.  On remand, the second ALJ found that Plaintiff's severe impairments include depression and anxiety, id. at 760, and that he "is limited to non-complex work with no complex procedures, processes, or instructions [and] can have no more than occasional interactions with co-workers, supervisors, and the public, in a stable routine work environment." Id. at 762.  Although the second ALJ "accord[ed] great weight" to Dr. Sapol's opinion, the ALJ failed to explain why he did not impose limitations in making judgments on simple work-related decisions, or responding appropriately to usual work situations and to changes in a routine work setting.  Id. at 762-70.[6]  Accordingly, the ALJ did not adhere to the instructions of the Appeals Council.  Id. at 839-40.

As to Plaintiff's physical impairments, consultative examiner Andrea Woll, D.O., opined that Plaintiff could continuously lift and carry up to fifty pounds and could never lift or carry more than fifty pounds, and that he could sit for six hours, stand for five hours, and walk for five hours in an eight-hour workday.  Id. at 334-35.  Dr. Woll noted that Plaintiff is unsteady when he walks without a cane.  Id. at 331.  In a physical residual

---

[6] Although the second ALJ did not specifically reference Dr. Sapol's opinion of marked limitations in complex decision and judgment, the ALJ did limit Plaintiff to non-complex work with no complex procedures, processes, or instructions.  Tr. at 762.

4

functional capacity ("RFC") assessment, treating source Cathy Lee Ching, M.D., opined that Plaintiff could sit and stand/walk for two hours each in an eight-hour workday, rarely lift less than ten pounds, and never lift more than ten pounds. Id. at 365-66. Dr. Ching further opined that Plaintiff would be off task more than twenty percent of the time and absent more than four days per month, and would need to take unscheduled breaks during the working day. Id. at 365-67.

In his RFC determination, the second ALJ found in relevant part that Plaintiff could lift and carry up to fifty pounds occasionally and twenty-five pounds frequently, stand and walk for five hours each in an eight-hour workday, sit for six hours total in an eight-hour workday, requires the use of a cane for balance, and "can continuously handle and finger with both upper extremities." Tr. at 762. Based on these and other limitations, the second ALJ concluded that Plaintiff retained the RFC to perform a limited range of light work through September 20, 2017. Id. at 769. In doing so, the ALJ accorded partial weight to Dr. Woll's opinions, explaining that he found them to be "not entirely consistent with the medical record as a whole." Id. at 768. For example, despite the ALJ's requirement that Plaintiff use a can for balance, the ALJ allowed Plaintiff to work standing for up to six hours a day, without explaining how Plaintiff can perform work while standing but using only one hand. Similarly, the ALJ's finding that Plaintiff can "continuously handle and finger" with both hands is inconsistent with the same ALJ's prior finding that Plaintiff has severe rheumatoid arthritis and gout. Id. at 760, 762.

In sum, the ALJ failed to properly consider Dr. Sapol's opinions as directed by the Appeals Council and failed to include all of Plaintiff's limitations in his RFC assessment.

As a result, it is unclear whether Plaintiff could perform the identified jobs given these errors for the period prior to September 21, 2017.

Because I conclude that remand is necessary to allow the ALJ to further consider these issues in light of the governing regulations, I will grant the motion for remand.

### III. CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LLOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 21-568 |

# **O R D E R**

AND NOW, this 20th day of October, 2021, upon consideration of Plaintiff's brief (Doc. 12), Defendant's unopposed Motion to Remand (Doc. 13), and the administrative record (Doc. 9), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LLOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 21-568 |

## **JUDGMENT ORDER**

AND NOW, this 20th day of October, 2021, the Court having separately ordered the remand of this action for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), IT IS FURTHER ORDERED that final judgment in favor of Plaintiff is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.